# United States Court of Appeals
## For the First Circuit

---

No. 23-1343

UNITED STATES,

Appellee,

v.

ANGEL L. VILLODAS-ROSARIO,

Defendant - Appellant.

---

Before

Barron, <u>Chief Judge</u>,
Kayatta and Aframe, <u>Circuit Judges</u>.

---

**CORRECTED JUDGMENT**∗

Entered: November 5, 2024

  This appeal concerns the district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release").

  In the United States District Court for the District of Puerto Rico, pursuant to a plea agreement, defendant-appellant Angel L. Villodas-Rosario pleaded guilty to possessing a firearm in relation to a drug offense, 18 U.S.C. § 924(c), and received a prison term of 144 months. This prison term was well above the applicable advisory guideline range of sixty months, <u>see</u> U.S.S.G. § 2K2.4(b), but consistent with the agreed-upon recommendations made by the parties. The sentence triggered a waiver of appellate rights, and Villodas's direct appeal was dismissed on that basis. <u>See</u> <u>United States</u> v. <u>Villodas-Rosario</u>, 901 F.3d 10 (1st Cir. 2018).

  Later that year, the First Step Act authorized prisoner-initiated motions for compassionate release. Villodas first applied for compassionate release from the Bureau of Prisons ("BOP") in October 2022; after the BOP denied the request, he proceeded to file a motion in the district court.

---

∗Corrected Judgment issued to correct the date of the judgment.

The district court denied the motion, and this appeal followed. While this appeal was being briefed, a new version of the compassionate release policy statement at U.S.S.G. § 1B1.13 came into effect.

Villodas based his motion on a claim that the sentencing court had committed legal error by giving consideration to arrests that had not resulted in criminal prosecutions or convictions, a claim of error consistent with precedent post-dating Villodas's sentencing. See United States v. Marrero-Pérez, 914 F.3d 20 (2019); United States v. Castillo-Torres, 8 F.4th 68 (2021).

In denying the motion, the district court stated:

> defendants cannot use a compassionate release motion pursuant to 28 U.S.C. § 3582(c) to challenge the legality or duration of a sentence. See U.S. v. Escajeda, 58 F.4th 184, 187-88 (5th Cir. 2023) (collecting cases), U.S. v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022).

The court further stated:

> Defendant received a guideline sentence that was within the range contemplated in his plea agreement. Thus, Defendant's arguments with regards to his sentence cannot be raised in a motion for compassionate release.

(Dist. Ct. Order of Mar. 28, 2023.)

Upon careful consideration, we are not convinced that the district court's reasoning, and its reliance on the Escajeda and Crandall decisions, can be reconciled with this circuit's own precedents addressed to the proper scope of, and analytical framework applicable to, requests for compassionate release lodged during the period when there was no effective version of the § 1B1.13 guidelines policy statement in place, though, as noted above, a new version of that policy statement now is in place. See generally United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022); United States v. Trenkler, 47 F.4th 42 (1st Cir. 2022). Of specific concern is the district court's statement that certain of Villodas' arguments "cannot be raised in a motion for compassionate release."

Accordingly, we conclude that the district court's judgment must be vacated and that the case must be remanded for further consideration informed by relevant precedent from this court. We express no opinion at this time as to the appropriate outcome on remand. The district court may decide in the first instance whether the new version of the compassionate release policy statement should be applied on remand. Information available from the Bureau of Prisons indicates that Villodas could be released in February 2025, so the district court should revisit the matter as promptly as possible.

The judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this judgment.

**SO ORDERED**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Hon. Raul M. Arias-Marxuach
Ada Garcia-Rivera, Clerk, United States District Court for the District of Puerto Rico
José A. Ruiz Santiago
Jose Capo-Iriarte
Myriam Yvette Fernandez-Gonzalez
Mariana Bauzá Almonte
Kelly Zenon-Matos
Alexander Louis Alum
Ricardo Imbert-Fernández
Carlos A. Vazquez-Alvarez
Angel L. Villodas-Rosario
Franco L. Pérez-Redondo